IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| FRANZ DIANGSON,<br>DANNY SEVERSON,<br>GREYSON KEENEY,<br>DENNIS HOUSEHOLDER,<br>WILLIAM WILLIAMSON,<br>THEODORE SAMPSON,<br>RAYMOND HOLMES,<br>RICKY BAPTISTE,<br>ALEIA BROWN,<br>BRYSON CONNOLY,<br><br>       Petitioners,<br><br>vs.<br><br>JAMES SALMONSON,<br><br>       Respondent. | Cause No. CV-18-35-H-DLC-JTJ<br><br>ORDER TO PETITIONERS |

This case comes before the Court on Petitioners' application for writ of habeas corpus. Petitioners are state prisoners proceeding pro se.

In what Petitioners characterize as an "en masse petition for writ of habeas corpus as per 28 USC §2254 and Rule 20(a) and Rule 23 of the Federal Rules of

1

Civil Procedure," the ten pro se petitioners, seek to challenge the constitutionality of the criminal charging process utilized against them by the State of Montana. *See generally* (Doc. 1 at 19-33).

### i. Correction to Caption

The above caption identifies petitioners William Williamson and Bryson Connoly. A review of the documents provided by petitioners and the Montana Correctional Offender Network indicates the caption contains typographical errors in relation to these two names. *See e.g.* (Doc. 2 at 14; 29). The Clerk of Court will be directed to change the caption to reflect their proper spellings: **William Williams** and **Bryson Connely**.

### ii. Pending Habeas Petition

Because Raymond Holmes has another habeas petition pending, *see Holmes v. Salmonson*, CV-18-08-M-DLC-JCL, the claims he seeks to raise in the instant petition will be addressed in that pending matter. A separate order will issue for Mr. Holmes.

### iii. "En Masse" Filing

Petitioners seek to proceed together as a group. They cite Fed. R. Civ. P. 23. and Fed. R. Civ. P. 20. Rule 12 of the Rules Governing § 2254 Cases provides that the Federal Rules of Civil Procedure may be applied in a habeas action "to the extent they are not inconsistent with any statutory provisions" or the § 2254 Rules.

In order to qualify for federal habeas relief, a petitioner must meet certain prerequisites. State judicial remedies must be exhausted with respect to each claim raised. A petitioner generally may not proceed with claims that were defaulted in state court, but he might be able to excuse a default. He must comply with the federal statute of limitations, either by filing on time or by asserting entitlement to equitable tolling, or he must demonstrate that his untimeliness may be excused because he did not commit the crime of which he was convicted. The Court no longer has jurisdiction over some petitioners' claims, because they have already litigated one federal habeas petition to conclusion. Any new petition challenging their convictions is "second or successive" and must be pre-authorized by the Court of Appeals for filing in this Court. *See* 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). All of these issues—exhaustion, default, timeliness, and second-or-successive filings—can only be adjudicated on an individual basis.

Presumably, petitioners believe the Court may decide the constitutional issue first and then sort out their individual entitlements to relief. But courts generally do not pronounce on constitutional questions unless it is necessary to do so. Even in a federal habeas action, the doctrine of constitutional avoidance is generally followed to the extent of first ascertaining whether a petitioner meets the prerequisites for habeas relief and only deciding the constitutional question if a

3

decision doing so will not amount to an advisory opinion.  *See, e.g.*, *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (stating that procedural issues should "ordinarily" be decided first).

The law allows a court to *deny* a meritless claim without regard to the highly individualized issues of exhaustion, timeliness, and default.  *See, e.g.*, 28 U.S.C. § 2254(b)(2); *Lambrix*, 520 U.S. at 525 (stating that "[j]udicial economy" might support prioritizing issues "easily resolvable against the habeas petitioner").  But deciding the merits immediately in this case would pose a significant fairness issue.  Both the Supreme Court and the Court of Appeals have ruled that potentially unwary pro se habeas petitioners must occasionally be warned or protected against 28 U.S.C. § 2244(b)'s restriction on "second or successive" petitions.  *See, e.g.*, *Castro v. United States*, 540 U.S. 375, 377 (2003) (requiring courts to warn a pro se litigant of intent to recharacterize a document as a habeas petition); *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (requiring courts to construe new petition as motion to amend any contemporaneously pending petition in order to avoid second or successive restrictions).  Here, any individual petitioner might have other viable federal habeas claims, yet be prevented from ever filing them, merely because insistent fellow prisoners convinced him to stand in with them in filing a habeas petition that alleges a single and meritless claim.  *See* 28 U.S.C. § 2244(b).

In practical terms, too, prisoners who wish to proceed pro se and in a group constantly face the prospect of transfer within an institution or transfer out to a different institution. Each pro se litigant must sign and file for himself. *See* 28 U.S.C. § 1654. No pro se litigant may sign a document for anyone else, because that is the practice of law. The Court will not interfere in prison management by ordering the prison to keep all petitioners together or by requiring the prison to provide time and space for them to meet together and discuss legal issues. It is not feasible to allow "en masse" pro se prisoner litigation.

For all these reasons, the Court finds that joinder under Fed. R. Civ. P. 20 is inconsistent with 28 U.S.C. §§ 2244 and 2254. Further, in view of the individualized prerequisites to habeas relief, no petitioner can be adequately "representative" of any other petitioner, *see* Fed. R. Civ. P. 23(a), and no petitioner can "fairly and adequately protect the interests of the class," *see* Fed. R. Civ. P. 23(a)(4). Rule 23 is also inconsistent with 28 U.S.C. §§ 1654, 2244 and 2254.

Federal Rules of Civil Procedure 20 and 23 will not be applied in this action. *See* Rule 12, Rules Governing § 2254 Cases; *cf. Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). The Court will characterize this filing as individual petitions under 28 U.S.C. §2254; each individual petitioner must proceed separately.

### iv.    28 U.S.C. § 2254 Petition

At this juncture, it is unclear whether each named Petitioner actually wishes

5

to pursue habeas relief. The Petitioners should be advised that generally an individual has only one opportunity to challenge a state court judgment of conviction via a petition under § 2254. This Court must dismiss any claim that is presented in a prior petition. 28 U.S.C. § 2244(b)(1). A new claim in a second or successive petition must be dismissed even if not presented in a prior petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 22444(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3).

Although most of the above-referenced Petitioners have signed off the majority of documents filed in this matter, the Court wants to make clear that this is likely the only opportunity each individual will have to file a federal habeas petition. By proceeding in this action, each individual will likely be barred by statute from filing a future petition challenging the judgments that are referenced in the present materials, absent leave from the Ninth Circuit.

If each Petitioner wishes to proceed, he shall complete the Court's standard habeas form which will be provided to each individual along with the service copy of this order. The completed petition should be filed with the Court on or before **March 30, 2018.**

If an individual does **not** wish to proceed, the Court should also be informed accordingly; the individual's case will be dismissed without prejudice so as not to

preclude filing at a future date.

### v.      **Proper Venue**

Petitioners have filed in the Helena Division, however, only one of them, Greyson Keeney,[1] challenges a conviction out of a state district court within the Helena Division. Accordingly, Mr. Keeney is the only petitioner who has filed in the appropriate venue. D. Mont. L.R. 1.2(c)(4), 3.2(b)(2)(A).

IT IS HEREBY ORDERED that the Clerk of Court is directed to open a new case within the Helena Division for Mr. Keeney. Petitioner shall refer to the following Cause Number in relation to any future documents filed with the Court:

Keeney:     CV-18-36-H-BMM-JTJ

Petitioner Aleia Brown challenges a conviction out of a state district court within the Butte Division.[2] Accordingly, the appropriate venue for his challenge is the Butte Division. D. Mont. L.R. 1.2(c)(4), 3.2(b)(2)(A).

---

[1] Although Keeney does not list the county of conviction, he does reference Cause No. CR-2014-87. (Doc. 2 at 9). The Montana Correctional Offender Network indicates his 2014 convictions for Escape and Robbery were out of Lewis and Clark County.
*See*: https://app.mt.gov/conweb/Offender/2117128 (accessed March 5, 2018).

[2] Brown challenges a conviction for Sexual Intercourse without Consent handed down in the 18th Judicial District, Gallatin County, in Cause No. DC-16-397B. (Doc. 2 at 27).
*See also*: https://apCoB29p.mt.gov/conweb/Offender/2144052 (accessed March 5, 2018).

IT IS HEREBY ORDERED that this Petitioner is transferred to the Butte Division and the Clerk of Court is directed to open an individual case. Petitioner shall refer to the following Cause Number in relation to any future documents filed with the Court:

    Brown:     CV-18-20-BU-BMM-JCL

Petitioner Danny Severson challenges a conviction out of a state district court within the Great Falls Division.[3]  Accordingly, the appropriate venue for his challenge is the Great Falls Division. D. Mont. L.R. 1.2(c)(4), 3.2(b)(2)(A).

IT IS HEREBY ORDERED that this Petitioner is transferred to the Great Falls Division and the Clerk of Court is directed to open an individual case. Petitioner shall refer to the following Cause Number in relation to any future documents filed with the Court:

    Severson:    CV-18-50-GF-BMM-JTJ

---

[3] Severson challenges a Sexual Assault conviction out of the 8th Judicial District Court, Cascade County, in Cause No. ADC-15-028. (Doc. 2 at 6).
*See also*: https://app.mt.gov/conweb/Offender/26773 (accessed March 5, 2018).

Williams,[4] Sampson,[5] Baptiste,[6] and Connely[7] all challenge convictions out of counties within the Missoula Division.  Accordingly, the appropriate venue for their challenges is the Missoula Division.  D. Mont. L.R. 1.2(c)(4), 3.2(b)(2)(A).

IT IS HEREBY ORDERED that these Petitioners are transferred to the Missoula Division and the Clerk of Court is directed to open individual cases.  Each petitioner shall refer to the following Cause Numbers in relation to any future documents filed with the Court:

```
Williams:    CV-18-50-M-DLC-JCL
Sampson:     CV-18-51-M-DLC-JCL
Baptiste:    CV-18-52-M-DLC-JCL
Connely:     CV-18-53-M-DLC-JCL
```

---

[4] Williams challenges a conviction for Improper Influence in Official/Political Matters in Cause No. DC-06-160, handed down in the 20th Judicial District, Lake County (Doc. 2 at 15). *See also*: https://app.mt.gov/conweb/Offender/2123193 (accessed March 5, 2018).

[5] Sampson challenges convictions for Criminal Endangerment and Obstructing Justice in Cause Nos. DC-16-06 and DC-17-12 handed down in the 20th Judicial District, Sanders County (Doc. 2 at 18).  *See also*: https://app.mt.gov/conweb/Offender/3019152 (accessed March 5, 2018).

[6] Baptiste challenges a Burglary conviction from the 20th Judicial District, Lake County, Cause No. DC-06-107. (Doc. 2 at 24).  *See also*: https://app.mt.gov/conweb/Offender/2126732 (accessed March 5, 2018).

[7] Connely challenges convictions for Attempted Deliberate Homicide and Assault on a Peace Officer handed down in the 11th Judicial District, Flathead County in Cause No. DC-11-278A. (Doc. 2 at 30).  *See also*: https://app.mt.gov/conweb/Offender/3010824 (accessed March 5, 2018).

Diangson[8] and Householder[9] both challenge convictions out of counties within the Billings Division.  Accordingly, the appropriate venue for their challenges is the Billings Division.  D. Mont. L.R. 1.2(c)(4), 3.2(b)(2)(A).

IT IS HEREBY ORDERED that these Petitioners are transferred to the Billings Division and the Clerk of Court is directed to open individual cases.  Each petitioner shall refer to the following Cause Numbers in relation to any future documents filed with the Court:

Diangson:         CV-18-45-BLG-SPW-TJC
Householder:    CV-18-46-BLG-SPW-TJC

Based on the foregoing, the Court enters the following:

## ORDER

1.    The Clerk of Court shall change the caption to reflect the proper spelling of the names of petitioners **William Williams** and **Bryson Connely**.

2.    On or before **March 30, 2018,** each Petitioner must respond

---

[8] Diangson challenges Sexual Assault and Sexual Intercourse without Consent convictions from the 13th Judicial District Court, Yellowstone County, Cause No. DC-12-690. (Doc. 2 at 3).  *See also*: https://app.mt.gov/conweb/Offender/3015872 (accessed March 5, 2018).

[9] Householder challenges the following conviction handed down in the 13th Judicial District, Yellowstone County:  DC-2001-886, DC-2002-194, DC-2003-313, DC-2003-364, DC-2006-129, DC-2015-728, DC-2017-120.  (Doc. 2 at 12).
*See also*: https://app.mt.gov/conweb/Offender/2029563 (accessed March 5, 2018).

individually to this Order. If he wishes to proceed, he should complete the habeas form provided with the service copy of this order.

3. If a petitioner does not wish to proceed, he should advise the Court accordingly and his case will be dismissed without prejudice.

4. The cases shall be transferred to the appropriate divisions as set forth above in subsection (iii) of this Order.

5. Failure to timely respond to this Order will result in a recommendation that each Petitioner's petition be dismissed with prejudice.

<u>Petitioners must immediately notify the Court of any change in their mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of the case without notice.

DATED this 7th day of March, 2018.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge