IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED

MAY 23 2018

Clerk, U S District Court
District Of Montana
Billings

DENNIS HOUSEHOLDER,

Petitioner,

vs.

JAMES SALMONSON,

Respondent.

CV 18-46-BLG-SPW

ORDER

Petitioner Dennis Householder, appearing pro se, filed a motion to proceed in forma pauperis (Doc. 3), a petition for writ of habeas corpus (Doc. 2), and a motion to dismiss state charges (Doc. 4). Householder challenges the constitutionality of the criminal charging process utilized by the State of Montana. (Doc. 5 at 1).

Householder filed the habeas petition jointly with a group of other petitioners in what they characterized as an "En Masse Petition for Writ of Habeas Corpus." (Doc. 5 at 1). On March 7, 2018, the United States Magistrate Judge determined under the rules that the petitioners could not file a habeas petition en masse and ordered the petitioners to either file individual petitions or withdraw by March 30, 2018. (Doc. 1 at 2-7).

1

On April 27, 2018, the Magistrate recommended the Court dismiss Householder's case for failure to prosecute because Householder did not respond to the Magistrate's order. (Doc. 5 at 7). Before the Court ruled on the Magistrate's recommendation, Householder filed a notice of appeal. (Doc. 6). The notice of appeal reiterated the petition's constitutional claim and insisted on proceeding with the en masse petition. (Doc. 6 at 1-2). The Court of Appeals dismissed the appeal for lack of jurisdiction. (Doc. 8).

Courts generally treat pro se habeas petitioners leniently. *Castro v. United States*, 540 U.S. 375, 377 (2003); *Woods v. Carey*, 525 F.3d 886, 889-890 (9th Cir. 2008). Although Householder did not timely respond to the Magistrate's order, the Court construes his notice appeal and reiteration of his constitutional claim as evidence that he has not failed to prosecute his claim. Nonetheless, as stated in the Magistrate's order, Householder may not file a habeas petition en masse. (Doc. 1 at 2-7). Dismissal without prejudice on that ground is appropriate. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998) (explaining that dismissal for technical procedural reasons should not bar prisoners from ever obtaining federal habeas review) (citing *United States ex rel. Barnes v. Gilmore*, 968 F.Supp 384, 385 (N.D. Ill. 1997) and *Marsh v. U.S. Dist. Court for Northern Dist. of California*, 1995 WL 23942 at *1 (N.D. Ca. 1995)).

A certificate of appealability is not warranted because reasonable jurists would not disagree with the procedural ruling. *See Gonzalez v. Thaler*, 565 U.S. 134, 140-141 (2012).

IT IS ORDERED that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 5) are rejected.

IT IS FURTHER ORDERED that Householder's petition is dismissed without prejudice because it was improperly filed. If, at some later date, Householder properly files a new petition for habeas corpus it shall be considered his first petition.

IT IS FURTHER ORDERED that a certificate of appealability is denied. The clerk shall immediately process the appeal if Householder files a Notice of Appeal.

IT IS FURTHER ORDERED that the clerk shall close the civil file by entering a judgment of dismissal. Unless this matter is remanded by the Court of Appeals, it is closed. The Court will not entertain any request for reconsideration of the en masse petition.

DATED this 22nd day of May, 2018.

SUSAN P. WATTERS
United States District Judge